IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS

| | | |
|---|---|---|
| JACQUELYN GIPSON | : | |
| 2792 Glenbriar Street | : | |
| COLUMBUS, OHIO 43232 | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | Judge |
| | : | |
| DEPT. OF REHABILITATION AND | : | |
| CORRECTIONS, CORRECTIONAL | : | |
| RECEPTION CENTER | : | Magistrate Judge |
| 11271 OH-762 | : | |
| Orient, Ohio 43146 | : | |
| | : | |
| Defendant. | : | |

COMPLAINT

Now comes Plaintiff Jacquelyn Gipson (hereafter "Plaintiff" or "Gipson") and for her Complaint against Defendant Dept. of Rehabilitation and Corrections, Correctional Reception Center (hereafter "Defendant" or "CRC") states and avers as follows:

**PARTIES**

1. Plaintiff Gipson is a resident of the State of Ohio.

2. Defendant CRC is located in Pickaway County, in Orient, Ohio. It houses more than eighteen hundred offenders.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 42 USC Section 2000e-5(f)(3), 42 USC Section 12101 et seq., and 28 USC Section 1331, as well as this Court's power to assert supplemental jurisdiction of state claims. Plaintiff satisfied all pre-requisites for filing suit, including

{00193477-1}

but not limited to obtaining a Notice of Suit Rights from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

4. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times hereto, Plaintiff worked for Defendant in Licking County, Ohio which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief, and the county in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Ohio Revised Code Section 4112.01 and Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d).

**FACTUAL ALLEGATIONS**

7. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 6 above as if fully rewritten herein.

8. Plaintiff is a 56-year-old black female.

9. Plaintiff is currently one of two black female Lieutenants at CRC. Plaintiff was the only black female Lieutenant at CRC in January of 2017. The other black female Lieutenant transferred to CRC as a Lieutenant.

10. Plaintiff is a longstanding and dedicated employment at CRC.

11. On January 12, 2017, Plaintiff photocopied documents for Lt. Antle and gave them to him as he had requested.

12. Plaintiff calmly explained to Lt. Antle that there was a different process for photocopying documents.

13. Without warning and without any rational basis, Major Vernon Fisher became very

{00193477-1}

aggressive and erupted in a loud booming voice shouted, "you need to start helping out around here, you do nothing to help anyone else, you need to start doing your part around here."

14. Major Fisher then asked Lt. Antle to step out of the office and close the door. After Lt. Antle left the office. Major Fisher again began screaming at Plaintiff and told her, "you don't do your job, you do nothing for me in Building One, you're good for nothing, and I will have you replaced!"

15. Major Fisher continued to yell, "you need to start doing your part around here, do your job!" Plaintiff told Major Fisher that she would not stand there and let him continue to speak to her in that way, and she tried to leave the office to give him space.

16. Major Fisher then followed Plaintiff out of the office into the yard, got in her face and continued to yell and scream "you will stop and you will listen to me, I'm giving you a direct order to stop." Major Fisher yelled at Plaintiff in front of inmates and staff. Plaintiff stopped and stood there, and then Major Fisher said "I'll have your job, I'll make sure you're moved." Major Fisher was intimidating and threatening Plaintiff with physical force, with his demeanor and his attitude. He then asked Plaintiff, "do you really want to do this in front of inmates, I will."

17. Major Fisher is a Caucasian male and has a history of issues with black female employees.

18. Plaintiff immediately filed an Incident Report because of Major Fisher's inappropriate actions.

19. Plaintiff then filed a charge with the EEOC regarding the above mentioned incident in April of 2017.

20. In November of 2017, Plaintiff was supposed to complete a use of force investigation

{00193477-1}

packet on another employee. Plaintiff was unable to interview the employee since he was on disability leave. As a result, Plaintiff requested an extension to complete the packet requested. Defendant granted Plaintiff an eight (8) day extension to complete a use of force investigation packet.

21. Subsequently, the employee returned to work before going back on disability. Plaintiff was given no notice that the employee was returning to work and had other projects that she was working on. As a result, Plaintiff was unable to interview the employee before he went back out on disability.

22. Defendant disciplined Plaintiff as a result of not completing the investigation packet in a timely period.

23. Prior to Plaintiff reporting Major Fisher's inappropriate actions, Plaintiff always had excellent evaluations.

24. After Plaintiff reported Major Fisher's inappropriate actions, Defendant has given Plaintiff poor evaluations.

25. Plaintiff's husband works for Defendant in the maintenance department. After Plaintiff reported Major Fisher, Defendant is retaliating against Plaintiff's husband.

26. Defendant put Plaintiff on third shift. Defendant gave Plaintiff a two (2) day notice that it was changing her shift instead of the required two (2) week notice.

27. In January of 2018, Plaintiff did not process a payroll form before the next pay period. Plaintiff was disciplined as a result of this.

28. Similarly situated Caucasian co-workers have failed to timely process payroll forms, but have not been disciplined.

29. Plaintiff applied for a promotion to Captain. Defendant denied Plaintiff's application

{00193477-1}

because she was black and/or female.

**FIRST CAUSE OF ACTION - Title VII Discrimination Based Upon Sex**

30.     Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 29 above as if fully rewritten herein.

31.     Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of her sex. Defendant disciplined Plaintiff for pre-textual reasons because of her sex, all in violation of 42 USC Section 2000e.

32.     By disciplining Plaintiff, and otherwise discriminating against her on the basis of her sex, Defendant committed unlawful employment practices within the meaning of 42 USC Section 2000e-2(a) in violation of the Title VII of the Civil Rights Act of 1964, as amended.

33.     Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated.

34.     Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

35.     As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION – Title VII Discrimination Based Upon Race**

36.     Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 35 above as if fully rewritten herein.

37.     Defendant discriminated against Plaintiff with respect to the terms, conditions and

privileges of employment because of her race. Defendant disciplined Plaintiff for pre-textual reasons because of her race, all in violation of 42 USC Section 2000e.

38. By disciplining Plaintiff, and otherwise discriminating against her on the basis of her race, Defendant committed unlawful employment practices within the meaning of 42 USC Section 2000e-2(a) in violation of Title VII of the Civil Rights Act of 1964, as amended.

39. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully demoted.

40. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

41. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation in her professional and personal life, loss of personal interaction or consortium, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

## THIRD CAUSE OF ACTION – TITLE VII RETALIATION

42. Plaintiff incorporates her allegations set forth in Paragraphs 1 through 41 above as if fully rewritten herein.

43. Plaintiff engaged in activity protected by Title VII.

44. Defendant was aware that Plaintiff had made allegations of racial discrimination and sex discrimination.

45. Defendants disciplined Plaintiff and denied her promotion to captain, put her on a less desirable shift, retaliated against her husband, and gave her poor evaluations as a result of Plaintiff's exercise of the protected activity.

46. There is a causal connection between the Defendant's activities and the exercise of Plaintiff's protected activity.

47. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Jacquelyn Gipson prays for judgment against Defendant CRC, on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst_____
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00193477-1}

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00193477-1}